IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE GORDON,

      Plaintiff,

v.                                                  CIV 16-0940 JB/KBM

ALVARADO TRANSIT SERVICES,

      Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER comes before the Court *sua sponte*. District Judge James O. Browning referred this matter to me on October 12, 2016, for a recommended disposition. *Doc. 13*. For the reasons that follow, the Court recommends that this case be dismissed without prejudice.

      The Court first notes that Plaintiff filed a related case against the same defendant which was recently dismissed without prejudice by District Judge Kenneth G. Gonzales. *See* CIV 16-0942 KG/SCY, Doc. 16. Local Rule 83.6 imposes on parties appearing *pro se* a continuing duty to notify the Clerk, in writing, of any change of address. D.N.M.LR-Civ. 83.6. Because Plaintiff failed to comply with that obligation, Judge Gonzales dismissed the case before him after two documents were returned to the Court as undeliverable. *Id.* The Court reaches the same conclusion in this case, as three documents that have been mailed to Plaintiff in this action were returned as undeliverable, the first on August 29, 2016 and most recently on October 17, 2016. *See Docs. 9, 10, 14*.

While this rationale is sufficient, an additional reason supports the Court's recommendation to dismiss this case in tandem with the one before Judge Gonzales. The cases involve the same Plaintiff, Jesse Gordon, the same Defendant, Alvarado Transit Services, and similar allegations of misconduct by bus drivers employed by Defendant.

However, Plaintiff's allegations in CIV 16-0942 KG/SCY are **_far_** more specific than those raised in this case. *Compare Doc. 1-1* in each case. This poses a problem for Plaintiff in two respects. Here, Defendant has filed a Rule 12(b)(6) Motion to Dismiss, *see Doc.* 7, alleging that Plaintiff's Complaint fails to state a claim to which Plaintiff has failed to respond. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is 'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see id.* ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). It is not at all clear that Plaintiff's Complaint meets this standard. Furthermore, under this Court's Local Rules Plaintiff had fourteen (14) days to respond to Defendant's Motion. D.N.M.LR-Civ. 7.4(a). Plaintiff did not do so, and "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

As rightly stated by Judge Gonzales, a plaintiff's *pro se* status does not relieve him from complying with the Court's procedural requirements, including its local rules. *Barnes v. United States,* 173 F. App'x. 695, 697 (10th Cir. 2006) (citing *Ogden v. San*

*Juan County,* 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992)). A failure to comply with the Court's local rules also indicates a lack of interest in litigating a case. *See, e.g., Bennett v. Vasquez*, 2013 WL 4077570, at *1 (N.D. Tex. 2013) (failure to comply with local rules "demonstrates a manifest lack of interest in litigating his claims."). When a plaintiff does not comply with court rules and shows a lack of interest in litigating his claims, the Court has an inherent authority to dismiss the complaint *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 (10th Cir. 2005) (citation omitted) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."). *See also Thornton v. Estep,* 209 F. App'x 755, 757 (10th Cir. 2006) (finding no abuse of discretion in court's dismissal of *pro se* inmate's action for failure to prosecute on grounds that inmate failed to keep court apprised of his current address).

  Ultimately, it appears that Plaintiff has abandoned this litigation as well as any claims in CIV 16-0942 KG/SCY by both failing to keep the Court apprised of his current mailing address and failing to respond to Defendant's Motion to Dismiss.

  Wherefore,

  IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE