IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE GORDON,

      Plaintiff,

v.                                                                    No. CIV 16-0940 JB/KBM

ALVARADO TRANSIT SERVICES,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed October 19, 2016 (Doc. 15)("PFRD"), recommending that the Court dismiss Plaintiff Jesse Gordon's *pro se* Complaint, filed July 15, 2016 (Doc. 1-1)("Complaint"), without prejudice. The PFRD, on page four, notified Gordon of his ability to file objections and instructed him that, if he did not file objections, he waived appellate review. See PFRD at 4. Objections were due by November 7, 2016. See PFRD at 4. To date, Gordon has not filed objections. The Court has carefully reviewed the PFRD, and does not find that the conclusions drawn by the PFRD are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD and dismiss the case without prejudice.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter

dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

---

[1] 28 U.S.C. §§ 631-39.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this Circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a

- 5 -

party's timely, specific objections to the Magistrate's Report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence. . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat the

- 6 -

language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" Judge, 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676(emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at *6 (Doc. 24)(D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo,

because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, slip. op. at *6. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, slip op. at *6. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition at 6 (Doc. 35)(D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## **ANALYSIS**

The Court has carefully reviewed the PFRD and Defendant's Motion to Dismiss for

- 9 -

Failure to State a Claim, filed August 25, 2016 (Doc. 7).  The Court did not review the PFRD *de novo*, because Gordon has not objected to it, but rather reviewed the findings and recommendation of the Honorable Karen B. Molzen, Chief United States Magistrate Judge of the United States District Court for the District of New Mexico, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not. Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that the Magistrate Judge's Analysis and Recommended Disposition, filed October 19, 2016 (Doc. 15) is adopted, and  Plaintiff's Complaint, filed July 15, 2016 (Doc. 1-1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Jesse Gordon
13139 Central Ave NE, Unit 109
Albuquerque, New Mexico

 *Plaintiff pro se*

Allison M. Beaulieu
Assistant City Attorney
 Office of the City Attorney
Albuquerque, New Mexico

 *Attorney for the Defendant*